UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

SYDNI SHEARER

    Plaintiff,

v.

ETAIROS HEALTH, INC., d/b/a UTOPIA HOME CARE

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SYDNI SHEARER ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendant, ETAIROS HEALTH, INC., d/b/a UTOPIA HOME CARE ("UTOPIA" or "Defendant"), and alleges as follows:

### INTRODUCTION

1. Defendant has unlawfully deprived Plaintiff of federal overtime compensation during the course of her employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all overtime wages owed to Plaintiff during the course of her employment with Defendant.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of the Middle District of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant was a Foreign corporation transacting business within Tampa, Florida, within the jurisdiction of this Honorable Court. Defendant's principal address in Florida is 13787 Belcher Rd. S. Suite 220, Largo, FL 33771.

4. During all times material hereto, Defendant was vested with authority to hire, fire and reprimand Plaintiff, and to oversee and implement the pay practices that applied to Plaintiff.

5. Defendant was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. The acts or omissions giving rise to this lawsuit took place within the jurisdiction of this Honorable Court.

7. Defendant is headquartered and regularly transacts business in Hillsborough County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

9. Defendant is a home healthcare agency that employs between 1,001-5,000 individuals in six (6) states. *See* https://www.linkedin.com/company/utopia-home-care-inc-/about/ (last visited December 30, 2020).

10. Defendant offers its services 24 hours a day, seven (7) days a week, including holidays. https://www.utopiahomecare.com/About/ (last visited December 30, 2020).

11. Defendant employed Plaintiff to provide domestic services in its customers' households from April 14, 2020 through in or around December 2020.

12. Defendant paid Plaintiff $8.56-$13 per hour for her work as a home health care aide. Plaintiff's duties and responsibilities consisted of providing the following services:

bathing, showering, providing skin care, brushing hair and teethe, dressing, assisting with walking, lifting from the bed, reminding to take medications, assisting with eating and food preparation, cleaning, general household work, and other similar activities.

13. Plaintiff lacked the authority to hire, fire, or reprimand any employees during her employment with Defendant.

14. Plaintiff did not supervise any employees during her employment with Defendant.

15. During all times material hereto, Plaintiff was a non-exempt employee.

## FLSA COVERAGE

16. Defendant is covered under the FLSA by virtue of the fact that it employs individuals (such as Plaintiff) as domestic service employees and sends these employees to residential homes in to engage in manual labor and work that does not qualify them for any exemption under the FLSA.

17. During the relevant time period, Defendant employed Plaintiff as a domestic service worker[1] who provided home healthcare services to at least one homeowner in Hillsborough County.

---

[1] Congress extended FLSA coverage to "domestic service" workers in 1974. *See 29 U.S.C. § 206(f); see, also, 29 U.S.C. § 207(i).* This amendment extended FLSA coverage to employees performing household services in a private home, including those domestic workers employed directly by households or by companies too small to be covered as enterprises under the FLSA. *See, e.g.,* Switala v. Rosenstiel, *2017 WL 7792713 at \*4 (S.D. Fla. 2017)* ("It is well-established that the FLSA applies to domestic service employees") *citing* Buckner v. Florida Habilitation Network, Inc., *489 F.3d 1151, 1154 (11th Cir. 2007).* A Department of Labor regulation defines "domestic service employment" as "services of a household nature performed by an employee in or about a private home," including "companions, babysitters, cooks, waiters, butlers, valets, maids, housekeepers, nannies, nurses, janitors… **home health aides**, personal care aides" etc. [emphasis added]. *Id. citing 29 C.F.R. § 552.3.*

18. Defendant is also covered under the FLSA through enterprise coverage, Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

19. During her employment with Defendant, Plaintiff handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: telephones, pens, notepads, cellular telephones, blankets, brooms, mops, disinfectants, soap, brushes, shampoo, conditioner, paper towels, cleaning supplies, etc.

20. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant's business an enterprise covered by the FLSA.

21. Defendant grossed or did business in excess of $500,000.00 per year in the years 2017, 2018, 2019 and 2020.

## FLSA VIOLATIONS

22. Defendant assigned Plaintiff to work five (5) to six (6) days per week during her employment period.

23. Defendant paid Plaintiff $8.56-$13.00 per hour for her work.

24. Defendant failed to compensate Plaintiff at the rate of time-and-a-half her regular hourly rate for work she performed in excess of forty (40) hours per week during one (1) or more workweeks during her employment period.

25. Defendant's actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for overtime wages owed.

26. Defendant was either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendant could avoid having to pay Plaintiff her lawful (and hard-earned) wages.  Plaintiff is therefore entitled to liquidated damages under the FLSA.

27. As a result of the above violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA.

## COUNT I – FEDERAL OVERTIME LAW VIOLATIONS – *29 U.S.C. § 207*

28. Plaintiff re-avers and re-alleges Paragraphs 1 through 27 above, as though fully set forth herein.

29. During one or more workweeks during the relevant time period, Plaintiff performed work for Defendant that exceeded forty (40) hours in a workweek and Plaintiff did not receive the proper overtime premium for those hours.

30. Defendant's failure to comply with the federal overtime provisions of the FLSA was intentional and/or willful.

31. To date, Defendant has not properly paid Plaintiff all of her overtime as required by the FLSA.

32. As a result of Defendant's refusal to remedy its violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, SYDNI SHEARER, demands judgment against Defendant, ETAIROS HEALTH, INC., d/b/a UTOPIA HOME CARE, and respectfully requests that she be awarded the following relief: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorneys' fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, SYDNI SHEARER, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 4th day of January 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 4th day of January 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## **SERVICE LIST:**